IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DARYLL SHUMAKE,      )<br>    Plaintiff,      )<br>      )<br>v.      )<br>      )<br>COMMONWEALTH OF VIRGINIA,   )<br>    Defendant.      ) | Civil Action No. 7:18-cv-00264<br><br>By: Michael F. Urbanski<br>Chief United States District Judge |

### ORDER

Daryll Shumake, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against the Commonwealth of Virginia. On June 18, 2018, the court dismissed the action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). See Mem. Op., ECF No. 6, at 1 (explaining that a state cannot be sued under § 1983). Alternatively, the court noted that Shumake is a "three-striker" under 28 U.S.C. § 1915(g) and that the allegations in his complaint do not satisfy the "imminent danger" exception to the three-strikes provision. Mem. Op. at 1. Shumake has now filed a motion for reconsideration and three motions to amend his complaint to include additional claims. ECF Nos. 16, 17, 18, and 19. For the reasons that follow, the motions are **DENIED**.

A district court may not grant a post-judgment motion to amend unless the judgment is vacated pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011). "To determine whether vacatur is warranted, however, the court need not concern itself with either of those rules' legal standards." Id. Instead, "[t]he court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed. R. Civ. P. 15(a)." Id. In

other words, the pending motions to amend and for reconsideration "rise and fall together." Mayfield v. NASCAR, 674 F.3d 369, 378 (4th Cir. 2012).

Rule 15(a) provides that leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The rule has been interpreted to mean that "leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." Matrix Capital Mgmt. Fund, L.P. v. BearingPoint, Inc., 576 F.3d 172, 193 (4th Cir. 2009). "Futility is apparent if the proposed amended complaint fails to state a claim" or otherwise "fails to satisfy the requirements of the federal rules." Katyle, 637 F.3d at 471 (internal quotation marks and citation omitted).

Having reviewed Shumake's motions, the court concludes that the proposed amendments would be futile because the action would still be subject to dismissal under 28 U.S.C. § 1915(g). See Schmidt v. Rodrigues, 641 F. App'x 913, 916 (11th Cir. 2016) (holding that amendment would have been futile since the proposed amended complaint did not satisfy the "imminent danger" exception to the three-strikes provision). As noted in the previous opinion, Shumake has had at least three prior actions dismissed as frivolous or for failure to state a claim upon which relief may be granted.* Consequently, he "must pay the full filing fee when he initiates suit," and "his failure to do so warrants dismissal without prejudice." Id. (citing Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002)). "The only exception is if

---

* See, e.g., Shumake v. Commonwealth., No. 7:17-cv-00214, 2017 U.S. Dist. LEXIS 101686 (W.D. Va. June 29, 2017); Shumake v. Smith, No. 7:12-cv-00174, 2012 U.S. Dist. LEXIS 54521 (W.D. Va. Apr. 18, 2012); Shumake v. Harvey, No. 7:05-cv-00802, 2006 U.S. Dist. LEXIS 97572 (W.D. Va. Jan. 9, 2006); Shumake v. Wallens Ridge State Prison, No. 7:05-cv-00708, 2005 U.S. Dist. LEXIS 46596 (W.D. Va. Nov. 29, 2005).

[Shumake] is 'under imminent danger of serious physical injury.'" Id. (quoting 28 U.S.C. § 1915(g)).

Neither Shumake's original complaint nor his motions to amend allege facts sufficient to satisfy the "imminent danger" exception to the three-strikes provision. His new motions describe past incidents in which he did not receive coffee condiments or his prescription medication for constipation, and they are accompanied by grievance records indicating that Shumake complained of being placed in a cell without proper railings in 2019 and previously reported discrete incidents of purported harassment and discrimination by correctional officers. Because the filings do not "allege 'ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury,'" they do not satisfy the "imminent danger" exception. Feather-Gorbey v. Dunbar, 787 F. App'x 825, 825 (4th Cir. 2019) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)). Consequently, granting leave to amend would be futile since the action would still be subject to dismissal under § 1915(g). See Schmidt, 641 F. App'x at 916.

For these reasons, it is hereby **ORDERED** that Shumake's motion for reconsideration, ECF No. 19, and his motions to amend, ECF Nos. 16, 17, and 18, are **DENIED**. The Clerk is directed to send a copy of this order to Shumake.

It is so **ORDERED**.

Entered: April 7, 2022

Michael F. Urbanski
Chief U.S. District Judge
2022.04.07 16:03:50
-04'00'

Michael F. Urbanski
Chief United States District Judge